Jordan A. Kroop (#018825)
JKroop@perkinscoie.com
Bradley A. Cosman (#026223)
BCosman@perkinscoie.com
**PERKINS COIE LLP**
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000

Attorneys for *HDI & JM Properties LLC*; and
*Nacogdoches BTS LLC*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FRONTIER STAR, LLC,<br><br>FRONTIER STAR CJ, LLC,<br><br>                  Debtors. | Chapter 11<br><br>Case No. 2:15-bk-09383-EPB<br>          2:15-bk-09385-EPB<br>        (Joint Administration) |
| This Filing Applies to:<br><br>☐   All Debtors<br>☒   Specified Debtors –<br>Frontier Star CJ, LLC | **LIMITED OBJECTION TO DEBTOR'S FIRST MOTION TO REJECT COMMERCIAL REAL PROPERTY LEASES** |

      HDI & JM Properties LLC and Nacogdoches BTS LLC (collectively, the "**Landlords**") file this Limited Objection to the *Debtor's First Motion to Reject Commercial Real Property Leases* (the "**Rejection Motion**") [Case No. 15-09385, Dkt. No. 42].

      1.    Landlord HDI & JM Properties is the landlord under two separate leases subject to the Rejection Motion. Landlord Nacogdoches is the landlord under one lease subject to the Rejection Motion.

      2.    The Debtor's obligation to pay the Landlords postpetition rent is governed by § 365(d)(3) and terms of the respective lease agreements.[1] Section 365(d)(3) provides that

---

[1] Unless otherwise indicated, all chapter and section references in this Limited Objection are to the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

obligations under an unexpired lease that arise after the petition date and prior to rejection of the lease, are to be timely fulfilled under the terms of the lease:

> The [debtor in possession] shall timely perform all of the obligations . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is rejected.[2]

3. The Debtor filed bankruptcy on July 27, 2015. Therefore, under the prescription of § 365(d)(3), the Debtor is required to timely preform all lease obligations that arose after July 27, 2015, until the leases are rejected.

4. Here, each of the respective lease agreements between the Landlords and the Debtor provide that rent for the postpetition month of August 2015 became due and owing in full on August 1, 2015. As of August 1st, however, rent had not been paid and the Debtor had not yet rejected the lease agreements with the Landlords or given any notice of an intent to reject. The Debtor—who was in exclusive control over the timing of rejection and notice—did not take action until August 14th, the date the Debtor filed the Rejection Motion.

5. Notwithstanding anything in the Rejection Motion to the contrary, the Debtor is obligated to pay August 2015 rent in full because such rent was due on August 1, prior to any notice or effectiveness of rejection. Both the Sixth and Seventh Circuits have addressed this exact question and held that postpetition pre-rejection rent must be paid in full on the day it is due, even if the rent will cover a period of time after the lease is rejected. *HA-LO Indus. v. CenterPoint Props. Trust (In re HA-LO Indus.)*, 342 F.3d 794 (7th Cir. 2003) (even though lease rejection was effective on November 2nd, debtor was obligated to pay November rent in full under § 365(d)(3) because rent was due under the lease on November 1st); *Koenig Sporting Goods, Inc. v. Morse Road Co. (In re Koenig Sporting Goods, Inc.)*, 203 F.3d 986 (6th Cir. 2000) (notwithstanding that lease rejection was effective December 2nd, debtor was obligated to pay December rent in full under § 365(d)(3) because rent was due on December 1st,); *see also In re*

---

[2] 11 U.S.C. § 365(d)(3)

*Leather Factory Inc.*, 475 B.R. 710 (Bankr. C.D. Cal. 2012) (citing *HA-LO* and *Koenig* and noting that "[a]t the back-end of the §365(d)(3) period, Courts of Appeals have used a more uniform approach: they have denied the trustee's request to prorate rent that comes due immediately before the rejection, but actually covers a period beyond the rejection.").

6. It is unclear whether the Debtor, through the Rejection Motion, is seeking to prorate, disallow, reduce, or otherwise affect the Debtor's postpetition pre-rejection obligations under the leases. The Debtor does state that it is seeking "to avoid unnecessary post petition expenses" and "stop the accrual of unnecessary post petition claims . . . ."[3] Accordingly, the Landlords file this Limited Objection to the extent the Debtor is seeking to prorate, disallow, reduce, or otherwise diminish the Debtor's postpetition pre-rejection obligations under the leases, including the obligation to pay August 2015 rent in full.

7. Further, the Landlords fully reserve all of their rights under the leases, including, but not limited to, their rights to administrative claims for postpetition obligations under the leases, claims for unpaid prepetition rent and other damages under the leases, claims for rejection damages, and their rights against non-debtor guarantors under the leases.

Dated: August 28, 2015      **PERKINS COIE LLP**

By: */s/ Bradley A. Cosman*
Jordan A. Kroop (#018825)
JKroop@perkinscoie.com
Bradley A. Cosman (#026223)
BCosman@perkinscoie.com
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788

Attorneys for *HDI & JM Properties LLC*; and *Nacogdoches BTS LLC*

---

[3] Rejection Motion at 2, 4.

ORIGINAL electronically filed and COPY served on August 28, 2015 by the method and to the following parties as indicated below:

*By Electronic Means via the Court's ECF Noticing System:*

ORIGINAL electronically filed and COPY served on August 28, 2015 by the method and to the following parties as indicated below:

By Electronic Means via the Court's ECF Noticing System:

RYAN J. BIRD on behalf of Creditor Eital Properties, LLC
rbird@gilbertbirdlaw.com

ALISSA A. BRICE on behalf of Creditor WESTERN ALLIANCE BANK
Alissa.Brice@quarles.com, Sybil.Aytch@quarles.com;Denise.Cockrell@quarles.com

TODD A. BURGESS on behalf of Creditor Ricardo Hector Abellan and Trinidad Alba Navarro De Abellan, Trustees of the Abellan Family Trust
todd.burgess@gknet.com, rachel.milazzo@gknet.com

RYAN CHRISTIAN CAPLAN on behalf of Creditor FEXKIN, LLC
ryan.caplan@procopio.com,
calendaring@procopio.com;melissa.turpin@procopio.com;kristina.terlaga@procopio.com

RYAN CHRISTIAN CAPLAN on behalf of Creditor REMUR, LLC
ryan.caplan@procopio.com,
calendaring@procopio.com;melissa.turpin@procopio.com;kristina.terlaga@procopio.com

DEAN M. DINNER on behalf of Creditor Carlee's Holdings, LLC
ddinner@ngdlaw.com, srivera@ngdlaw.com;ngd.ecf@ngdlaw.com;sdousdebes@ngdlaw.com

DON C. FLETCHER on behalf of Creditor Kimco Riverview, LLC
dfletcher@lakeandcobb.com

TERESA H FOSTER on behalf of Creditor John Capra
tfoster@thfosterlaw.com, hstanford@thfosterlaw.com;kburleson@thfosterlaw.com

PHILIP J GIACINTI, JR on behalf of Creditor FEXKIN, LLC
pjg@procopio.com,
phil.giacinti@procopio.com;kristina.terlaga@procopio.com;calendaring@procopio.com

PHILIP J GIACINTI, JR on behalf of Creditor REMUR, LLC
pjg@procopio.com,
phil.giacinti@procopio.com;kristina.terlaga@procopio.com;calendaring@procopio.com

WALTER H. GILBERT on behalf of Creditor Eital Properties, LLC
rbird@gilbertbirdlaw.com

ANDREW A. HARNISCH on behalf of Creditor HS Orland Hills, LLC
andy@mhlawaz.com, ethan@mhlawaz.com

SCOTT W. HYDER on behalf of Creditor CSJR LONGVIEW TEXAS LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor CSJR PHOENIX AZ LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor DMS 2, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS CARBONDALE IL, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS GLENN ELLYN IL LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS LISLE IL, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS ROUNDLAKE IL, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor HRDS SPRINGFIELD IL, LLC
Shyder@scotthyderlaw.com

SCOTT W. HYDER on behalf of Creditor LAVELO PROPERTY MANAGEMENT LLC
Shyder@scotthyderlaw.com

MICHAEL A. JONES on behalf of Creditor KMK Group, LLC
mjones@ambazlaw.com, mjones@ecf.inforuptcy.com;sgomez@ambazlaw.com;mbaca@ambazlaw.com;mvasquez@ambazlaw.com;araddatz@ambazlaw.com

JAMES F KAHN on behalf of Creditor SJFT, LLC
James.Kahn@azbar.org, jfkpcecf@gmail.com

JORDAN A KROOP on behalf of Interested Party Cheeseburger, LLC
jkroop@perkinscoie.com, KHardy@perkinscoie.com;docketPHX@perkinscoie.com

MICHAEL M. LIN on behalf of Creditor KJG Castle Holdings LLC
linlawgroup@gmail.com

MICHAEL M. LIN on behalf of Creditor Nonsan LLC

linlawgroup@gmail.com

PHILIP G. MITCHELL on behalf of Debtor Frontier Star CJ, LLC
Philip.Mitchell@azbar.org, fkaufman@cavanaghlaw.com

PHILIP G. MITCHELL on behalf of Debtor Frontier Star, LLC
Philip.Mitchell@azbar.org, fkaufman@cavanaghlaw.com

VALERIE P MORRISON on behalf of Creditor Carl's Jr. Restaurants LLC
val.morrison@nelsonmullins.com,
Robert.ours@nelsonmullins.com;Dylan.trache@nelsonmullins.com

VALERIE P MORRISON on behalf of Creditor Hardee's Restaurants LLC
val.morrison@nelsonmullins.com,
Robert.ours@nelsonmullins.com;Dylan.trache@nelsonmullins.com

JOHN A NASR on behalf of Creditor Carl's Jr. Restaurants LLC
jnasr@gustlaw.com, lschrieber@gustlaw.com

JOHN A NASR on behalf of Creditor Hardee's Restaurants LLC
jnasr@gustlaw.com, lschrieber@gustlaw.com

STEVEN D NEMECEK on behalf of Creditor Vannelli Properties
snemecek@sjbrownlaw.com,
kflaaen@sjbrownlaw.com;sbrown@sjbrownlaw.com;rpitman@sjbrownlaw.com

WILLIAM NOVOTNY on behalf of Interested Party Buechs Partnership
wnovotny@dickinsonwright.com

WILLIAM NOVOTNY on behalf of Interested Party Gilbert-Chandler Heights I, L.L.C.
wnovotny@dickinsonwright.com

WILLIAM NOVOTNY on behalf of Interested Party HVTC, L.L.C.
wnovotny@dickinsonwright.com

WILLIAM NOVOTNY on behalf of Interested Party Vestar California XXII, L.L.C.
wnovotny@dickinsonwright.com

SEAN P. O'BRIEN on behalf of Creditor Carl's Jr. Restaurants LLC
spobrien@gustlaw.com, larmijo@gustlaw.com

SEAN P. O'BRIEN on behalf of Creditor Hardee's Restaurants LLC
spobrien@gustlaw.com, larmijo@gustlaw.com

THOMAS J. SALERNO on behalf of Interested Party Frontier Star I, LLC
thomas.salerno@stinsonleonard.com, lindsay.jensen@stinsonleonard.com

MATTHEW H. SLOAN on behalf of Creditor Hendrick Commercial, LLC
mhs@jhc-law.com, docket@jhc-law.com

EDWIN B STANLEY on behalf of Creditor ZEAVY, LLC
bstanley@simbroandstanley.com, bradstanleyaz@gmail.com;skirby@simbroandstanley.com

EDWIN B STANLEY on behalf of Creditor Zeavey CHI, LLC
bstanley@simbroandstanley.com, bradstanleyaz@gmail.com;skirby@simbroandstanley.com

DYLAN G TRACHE on behalf of Creditor Carl's Jr. Restaurants LLC
Dylan.trache@nelsonmullins.com

LARRY L. WATSON on behalf of U.S. Trustee U.S. TRUSTEE
larry.watson@usdoj.gov

JOHN R. WORTH on behalf of Creditor MBM Corp.
jrw@forresterandworth.com, mdb@forresterandworth.com

***By E-Mail or First Class Mail***:
Jonathan T. Edwards
Alston & Bird LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Jonathan.Edwards@alston.com
Attorneys for Meadowbrook Meat Company
d/b/a MBM Corp.

*/s/ Kathryn Hardy*
LEGAL127188577.1