Ronald J. Ellett (Bar No. 012697)
Ellett Law Offices, P.C.
2999 North 44th Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

Attorney for **CSC Holdings, LLC** and **CSC Trust**

In the United States Bankruptcy Court

For the District of Arizona

| | |
|---|---|
| In re:<br><br>FRONTIER STAR, LLC,<br><br>FRONTIER STAR CJ, LLC,<br><br>          Debtors.<br><br>This Filing Applied to:<br><br>☐ All Debtors<br>☒ Specified Debtors - Frontier Star CJ, LLC | In Proceedings Under Chapter 11<br><br>No. No. 15-bk-09383-EPB<br>      15-bk-09385-EPB<br><br>(Joint Administration)<br><br><br><br>**CSC HOLDINGS, LLC AND CSC TRUST'S RESPONSE TO DEBTOR'S FIRST MOTION TO REJECT COMMERCIAL REAL PROPERTY LEASES** |

      CSC Holdings, LLC and CSC Trust, (hereinafter referred to collectively as "CSC") hereby respond to the *Debtor's First Motion to Reject Commercial Real Property Leases* ("Motion to Reject") filed on August 14, 2015 at docket entry 42 in case 15-bk-09385-EPB.

      As a preliminary matter, CSC points out to the Court that it only recently received a copy of the Motion to Reject. The delay was caused by the Debtor's failure to use CSC's proper address found in the very lease it now seeks to reject. Instead, the Debtor mailed the notices for CSC to an address for Fidelity Investments who has no connection to these proceedings whatsoever. By these unsavory tactics, the Debtor apparently thought it could succeed in obtaining the Court's approval

of a Motion that has no basis in law or fact.

The Debtor's Motion to Reject asserts, incorrectly, that it is "the lessee of certain commercial real properties identified on Exhibit A." (Motion to Reject, pg. 1, para. 1, dkt. 42). Said Exhibit A lists the lease of, *inter alia*, 4414 West Commerce Street, San Antonio, Texas. Contrary to the Debtor's representations, it is not the lessee of the lease. As evidenced by the lease, the lessee is not the Debtor but rather, the lessee is MJKL Enterprises Texas, LLC. (See attached Lease, Exhibit 1). The Debtor is merely a guarantor of the lease and not the lessee. (See attached Guarantee, Exhibit 2).

It is disappointing that the Debtor did not candidly disclose the truth to the Court. However, the truth is fatal to the Motion to Reject. It is well-established that a guarantee is not avoidable because a guarantee does not create an executory contract. *In re Leibinger Roberts, Inc.*, 105 B.R. 208, 212 13 (Bankr. E.D.N.Y. 1989); *Matter of Unishops, Inc.*, 422 F. Supp. 75, 76 (S.D.N.Y. 1975) *aff'd*, 543 F.2d 1017 (2d Cir. 1976); *In re Grayson Robinson Stores, Inc*., 321 F.2d 500, 502 (2d Cir. 1963); and *In re Furniture Brands Int'l, Inc.*, 13-12329(CSS), 2013 WL 9065131, (Bankr. D. Del. Nov. 7, 2013). Therefore, the Debtor cannot reject its guarantee because a guarantee is not an executory contract as required by 11 U.S.C. § 365.

Moreover, since the Debtor is not the lessee, it has no standing to move to reject the lease under 11 U.S.C. § 365(a). *In re H.M. Bowness, Inc.*, 89 B.R. 238, 241 (Bankr. M.D. Fla. 1988). 11 U.S.C. 365(c) specifies that "[t]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease ***of the debtor***" (emphasis added). In Chapter 11 cases, the debtor-in-possession succeeds to the trustee's power, but under 11 U.S.C. § 365(a), the power to reject only extends to an executory contract or an unexpired lease ***of the Debtor***. The Debtor is not a party to the lease and is not even mentioned or referenced in the lease. (See Exhibit 1). Therefore, the Debtor has no standing to move to reject the lease.

The Debtor's Motion to Reject the lease must be denied. To the extent the Debtor's Motion to Reject can be recast as a motion to reject its guarantee, it still must be denied because a guarantee is not an executory contract.

*ELLETT LAW OFFICES, P.C.*
2999 North 44th Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

Respectfully submitted this 31st day of August, 2015.

          ELLETT LAW OFFICES, P.C.


    /s/ Ronald J. Ellett
Ronald J. Ellett
2999 North 44th Street
Suite 330
Phoenix, Arizona 85018

COPY of the foregoing to be mailed this 31st day of August, 2015 to:

Jonathan T. Edwards, Esq.
Alston & Bird LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309

John R. Worth, Esq.
Forrester & Worth, PLC
3636 N. Central Avenue, Suite 700
Phoenix, Arizona 85012

W. Scott Jenkins, Jr., Esq.
Alissa A. Brice, Esq.
Quarles & Brady LLP
1 Renaissance Square
2 N. Central Avenue
Phoenix, AZ 85004-2391

John A Nasrm Esq, .
Gust Rosenfeld PLC
1 E. Washington St., Ste. 1600
Phoenix AZ 85004-2553

Jordan A. Kroop, Esq.
Bradley A. Cosman, Esq.
Perkins Coie LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012

Ryan J. Bird, Esq.
Gilbert Bird Law Firm, PC.
10575 North 114th Street, Suite 115

*3*

ELLETT LAW OFFICES, P.C.
2999 North 44th Street, Suite 330
Phoenix, Arizona 85018
(602) 235-9510

1 | Scottsdale, Arizona 85259

2 | Valeria P. Morrison, Esq.
Dylan G. Trache, Esq.
3 | Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, NW Suite 900
4 | Washington, DC 20001

5 | Steven D. Nemecek, Esq.
Steve Brown & Associates, LLC
6 | 1414 East Indian School Road, Suite 200
Phoenix, Arizona 85014

7 |

William Novotny, Esq.
8 | Dickinson Wright PLLC
1850 North Central Avenue, Suite 1400
9 | Phoenix, Arizona 85004

10 | Larry Watson
Office of the US Trustee
11 | 230 North First Avenue, Suite 204
Phoenix, Arizona 85003

12 | /s/ Helen Santilli